UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>   v.<br><br>Jian Fun Tso,<br>a.k.a Steven Tso,<br><br>            Defendant. | No. 19-CR-00088-01-PHX-SPL<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>**(Filed Under Seal)** |

Upon stipulation of the parties, and good cause appearing,

IT IS HEREBY ORDERED:

1. The United States shall provide defense counsel, Jane McClellan, copies of certain discovery related to defendant Jian Fun Tso ("Defendant"). The information includes, but may not be limited to, (1) any video recordings or still photographs from those recordings of the physical location used by HSI and DCIS for the undercover operation; (2) any Skype video recordings or still photographs from those recordings of HSI or DCIS undercover agents involved in the undercover operation; (3) any audio recordings of telephone calls and meetings between Defendant and HSI or DCIS undercover agents involved in the undercover operation; and (4) any messaging communications or emails involving telephone numbers, email addresses, pseudonyms, bank accounts, or other details used by HSI and DCIS in undercover operations ("the Confidential Discovery Materials"). The Confidential Discovery Materials include any page of discovery, or disk of discovery, provided in this case by the United States to defense counsel, Jane McClellan,

which includes the following notation: "Confidential Discovery in *United States v. Jian Fun Tso*, Case No. 19-CR-00088-01-PHX-SPL (Subject to Protective Order)."

2. Defense counsel and his office staff (collectively, "the Defense Team")[1] shall maintain these discovery materials as follows:

a. The Defense Team and Defendant shall use the Confidential Discovery Materials solely and exclusively in connection with this case (including investigation, trial preparation, and trial), and not for any commercial or other outside purpose.

b. The Confidential Discovery Materials shall be maintained and secured by defense counsel at counsel's law firm and on computers employing security measures, such as firewalls, to prevent unintended outside access to the Confidential Discovery Materials. Although, after signing the required acknowledgement (see below), Defendant may view the Confidential Discovery Materials, the Defense Team shall not leave any of the Confidential Discovery Materials in Defendant's possession.

c. A copy of this Protective Order shall be kept with the Confidential Discovery Materials at all times. No person, including Defendant, shall have access to the Confidential Discovery Materials until he or she has certified that he or she has read, understands, and agrees to the terms of this Protective Order and has manifested his or her assent to be bound thereby, and to be subject to the jurisdiction of the Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order, by signing a copy of the "Acknowledgment of Protective Order in *United States v. Jian Fun Tso*," attached hereto as **Exhibit A**. Once a person has executed an Acknowledgment, it shall not be necessary for that person to sign a separate Acknowledgment each time that person is subsequently given access to the Confidential Discovery Materials. Each signed Acknowledgment shall be provided to the United States, and a copy shall be maintained by counsel for the defendant.

---

[1] "The Defense Team" includes defense counsel of record, Jane McClellan; associated attorneys; secretarial, paralegal and clerical employees; interpreters; and investigators.

d. The only people who may view the Confidential Discovery Materials are the Defense Team, Defendant, and any experts designated by the Defense Team (as detailed below).

e. In no event shall the Defense Team or Defendant disclose the Confidential Discovery Materials to any other person or entity other than the Government or this Court, except to any retained expert, investigator, or office staff, subject to the conditions set forth in Paragraph 3. Should the Defense Team or Defendant need to disclose or describe any of the information that is set forth in the Confidential Discovery Materials to the Court, it shall do so under seal. Should the Defense Team or Defendant need to disclose or describe any of the Confidential Discovery Materials to any other court, or during any other legal proceedings, it shall do so only with notice to the Government and after gaining permission from this Court.

3. The Defense Team and Defendant may describe or provide copies of the Confidential Discovery Materials to any experts retained by them, whether testifying or non-testifying, but only if:

a. The expert certifies that he or she has read, understands, and agrees to the terms of this Protective Order and has manifested an assent to be bound thereby, and to be subject to the jurisdiction of the Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order, by signing a copy of the "Acknowledgment of Protective Order in *United States v. Jian Fun Tso*," attached hereto as **Exhibit A**. Once the expert has executed an Acknowledgment, it shall not be necessary for that person to sign a separate Acknowledgment each time that person is subsequently given access to the discovery materials. The Acknowledgment signed by the expert shall be provided to the United States, and a copy shall be maintained by defense counsel.

b. The experts agree to maintain the Confidential Discovery Materials in accordance with the above procedures as if they were members of the Defense Team, and

solely for the purposes of assisting the defense in this case, and not for any commercial or other purpose.

  c. The procedures outlined above shall govern the experts' use, maintenance, disclosure, and safekeeping of the Confidential Discovery Materials, except that the experts may maintain the Confidential Discovery Materials at their offices, but only under the same secure conditions provided above.

  4. Defense counsel, including any defense experts, and members of the Defense Team, shall keep an up-to-date list of all counsel, staff, experts, and agents who have accessed this information or had it described to them.

  5. Defense counsel shall promptly notify the United States and this Court if the Confidential Discovery Materials are disclosed to anyone not designated by this Order or further order of the Court, either intentionally or unintentionally. Defendant, any defense experts, or members of the Defense Team shall promptly notify defense counsel of any such disclosures.

  6. At the conclusion of these proceedings, defense counsel shall ensure that all copies of the Confidential Discovery Materials have been returned to defense counsel by members of the Defense Team, Defendant, defense experts, interpreters, investigators or other staff employed by defense counsel in connection with the case. Defense counsel shall either return the Confidential Discovery Materials to the government or shall destroy them and provide notice of such destruction to government counsel. Defense counsel may retain or destroy any notes made by Defendant, the Defense Team, and defense experts, interpreters and investigators. Should defense counsel, Jane McClellan, be assigned to handle any appeal in this case, she may retain the Confidential Discovery Materials to the extent necessary to handle the appeal. In that event, at the conclusion of the appeal, defense counsel shall return the Confidential Discovery Materials to the Government or shall

destroy the Confidential Discovery Materials and provide notice of such destruction to government counsel.[2]

7. The Defense Team and the Defendant are prohibited from uploading any digital copies of the Confidential Discovery Materials to any websites, online applications, social media sites, online blogs, or other form of online applications or internet-based platforms, unless such action is explicitly authorized by the Court under terms and conditions ordered by the Court.

8. With the exception of defense counsel personally taking Confidential Discovery Materials outside the United States and maintaining the Confidential Discovery Materials in counsel's possession, no Confidential Discovery Materials may leave the geographic confines of the United States unless it is authorized by the Court under terms and conditions ordered by the Court. No Confidential Discovery Materials may be faxed, copied, photographed, sketched, excerpted, or reproduced in any other fashion outside of the United States.

9. Violation of this Protective Order may be punishable by contempt of court, whatever other sanction the Court deems just, and/or any other sanctions which are legally available.

So ordered this ___ day of _____ 2019.

---

[2] In the event of any post-conviction proceeding, the United States would seek a new protective order for disclosure of the Confidential Discovery Materials to Defendant's subsequent counsel. Additionally, in the event it becomes necessary for defense counsel, Jane McClellan, to respond in any post-conviction proceeding, the United States would provide a new protective order and copies of the Confidential Discovery Materials to Ms. McClellan.

# EXHIBIT A

## Acknowledgment of Protective Order in *United States v. Jian Fun Tso*

The undersigned acknowledges that he/she has read the Protective Order in *United States v. Jian Fun Tso*, attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned understands that the terms of the Protective Order obligate him/her to review and/or use the documents labeled, "Confidential Discovery in *United States v. Jian Fun Tso*, Case No. 19-CR-00088-01-PHX-SPL (Subject to Protective Order)," in accordance with the Protective Order, and not to disclose any such documents or information derived directly therefrom to any other person.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court or other sanctions.

Printed Name: _____

Date: _____       Signature: _____